1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICAELA S. IBARRA,

Defendant.

CASE NO. CR06-220JLR

ORDER

This matter comes before the court on three motions from Defendant Micaela Saldago Ibarra: a motion for a bill of particulars (Dkt. # 56); a motion to sever her case for trial (Dkt. # 55); and a motion for the court's review of her detention order (Dkt. # 44). The court has reviewed all of the pleadings filed in connection with each motion and the Superseding Indictment (Dkt. # 66) recently returned by a Grand Jury.

Bill of Particulars. The court concludes that the superseding indictment adequately sets out the charges and alleged supporting facts for the counts against Defendant Ibarra. The motion for a bill of particulars (Dkt. # 56) is DENIED.

Motion to Sever. Invoking Fed. R. Crim. P. 14, Defendant Ibarra asks the court to sever her trial from the other named Defendants. A defendant seeking severance bears the burden of proving clear, manifest or undue prejudice from the joint trial. United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir. 1991) (quoting United States v. Castro, 887 F.2d 988, 996 (9th Cir. 1989)). Defendant Ibarra makes several arguments in support

ORDER – 1

1   for her request for a separate trial; however, none offer a basis justifying severance.

2   Defendant's motion to sever her case for trial (Dkt. # 55) is DENIED.

3          Motion for Review of Detention Order.  In questions of pretrial detention, the

4   court must determine whether any combination of conditions will reasonably assure the

5   appearance of the defendant and the safety of other persons and the community.  18

6   U.S.C. § 3142(f).  A different standard of proof – a preponderance of the evidence – is

7   required for a detention order based on risk of flight as opposed to a detention order

8   based on a defendant's dangerousness.  United States v. Motamedi, 767 F.2d 1403 (9th

9   Cir. 1985).

10         The court evaluates the factors found in 18 U.S.C. § 3142(g) in deciding detention.

11  In this instance, the parties spend much of their briefing discussing the weight of the

12  evidence against Defendant Ibarra.  This discussion, while helpful, is not the basis for the

13  court's ruling.  The court does not believe that Defendant Ibarra poses a danger if

14  released.  Of significance to the court is the question of whether Defendant's physical and

15  mental condition, family ties, employment, financial resources, length of residence in the

16  community, community ties, past conduct, and other factors reasonably assure her

17  appearance at future proceedings.  The court finds that they do not and, therefore,

18  DENIES the motion for review of the detention order (Dkt. # 44).

19

20         Defendant Ibarra's trial is scheduled for November 14, 2006.

21         Dated this 29th day of August, 2006.

22

23

24

25                                                    _____

26                                                    JAMES L. ROBART
                                                      United States District Judge
27

28

ORDER – 2